B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT | |
|---|---|
| **District of Delaware** | VOLUNTARY PETITION |

| Name of Debtor (if individual, enter Last, First, Middle):<br>Allied Nevada Gold Corp. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>20-5597115 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>9790 Gateway Drive, Suite 200, Reno, Nevada<br>ZIP CODE 89521 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Washoe, NV | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other | ☐ Chapter 7    ☐ Chapter 15 Petition for<br>☐ Chapter 9      Recognition of a Foreign<br>☑ Chapter 11    Main Proceeding<br>☐ Chapter 12   ☐ Chapter 15 Petition for<br>☐ Chapter 13      Recognition of a Foreign<br>     Nonmain Proceeding |

| Chapter 15 Debtors | Tax-Exempt Entity<br>(Check box, if applicable.) | Nature of Debts<br>(Check one box.) |
|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."   ☑ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br><br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

**Estimated Number of Creditors**

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

**Estimated Assets**

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

**Estimated Liabilities**

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1) (04/13)                                                                                                        Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | **Name of Debtor(s):** Allied Nevada Gold Corp. |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed:  N/A | Case Number:<br>N/A | Date Filed: |
| Location<br>Where Filed:  N/A | Case Number:<br>N/A | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor:  See attached Rider 1 | Case Number: | Date Filed: |
| District:  District of Delaware | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☑ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>x  N/A<br>    Signature of Attorney for Debtor(s)     (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (04/13)

Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case.)* | Allied Nevada Gold Corp. |

| Signatures | |
|---|---|

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>    Signature of Debtor<br><br>X _____<br>    Signature of Joint Debtor<br><br>_____<br>Telephone Number (if not represented by attorney)<br><br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>    (Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>_____<br>Date |

| **Signature of Attorney\*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
|---|---|
| X _____<br>    Signature of Attorney for Debtor(s)<br>    Stanley B. Tarr<br>    Printed Name of Attorney for Debtor(s)<br>    Blank Rome LLP<br>    Firm Name<br>    1201 N. Market Street, Suite 800<br>    Wilmington, Delaware  19801<br>    Address<br>    302-425-6400<br>    Telephone Number<br>    _____<br>    Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |

| **Signature of Debtor (Corporation/Partnership)** | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>    Signature of Authorized Individual<br>    Stephen M. Jones<br>    Printed Name of Authorized Individual<br>    Chief Financial Officer<br>    Title of Authorized Individual<br>    March 10, 2015<br>    Date | _____<br>Address<br><br>X _____<br>    Signature<br><br>_____<br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

B 1A (Official Form 1, Exhibit A) (9/97)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

# UNITED STATES BANKRUPTCY COURT

District of Delaware

In re   Allied Nevada Gold Corp.                    ,          )    Case No. 15-_____

                          Debtor                            )

                                                            )

                                                            )    Chapter 11

## EXHIBIT "A" TO VOLUNTARY PETITION

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is   CIK 001376610_____ .

2. The following financial data is the latest available information and refers to the debtor's condition on December 31, 2014____ .

| | | |
|---|---|---|
| a. Total assets | $ | 941,238,000.00 |
| b. Total debts (including debts listed in 2.c., below) | $ | 663,680,000.00 |

c. Debt securities held by more than 500 holders:

Approximate number of holders:

| | | | | |
|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| d. Number of shares of preferred stock | | | 0 | 0 |
| e. Number of shares common stock | | | 126,193,336 | 200 |

Comments. if anv: _____

Common shares outstanding as of March 10, 2015

3. Brief description of debtor's business:

Allied Nevada Gold Corporation is a U.S.-based primary gold and silver processor and producer focused on mining, developing, and exploring properties in the state of Nevada.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor: _____

Van Eck Associates Corporation; Columbia Wanger Asset Management LLC; BlackRock Institutional Trust Company, N.A.; Pershing Trading Company LP

**Rider 1 to the Voluntary Petition**

On the date hereof, each of the affiliated entities listed below (including the Debtor in this chapter 11 case) filed in the United States Bankruptcy Court for the District of Delaware a voluntary petition for relief under chapter 11 of title 11 of the United States Code. Contemporaneously with the filing of their petitions, these entities filed a motion requesting that the Court administratively consolidate for procedural purposes only and jointly administer their chapter 11 cases.

1. Allied Nevada Gold Corp.
   9790 Gateway Drive, Suite 200, Reno, NV 89521

2. Allied Nevada Gold Holdings LLC
   9790 Gateway Drive, Suite 200, Reno, NV 89521

3. Allied VGH Inc.
   9790 Gateway Drive, Suite 200, Reno, NV 89521

4. Allied VNC Inc.
   9790 Gateway Drive, Suite 200, Reno, NV 89521

5. ANG Central LLC
   9790 Gateway Drive, Suite 200, Reno, NV 89521

6. ANG Cortez LLC
   9790 Gateway Drive, Suite 200, Reno, NV 89521

7. ANG Eureka LLC
   9790 Gateway Drive, Suite 200, Reno, NV 89521

8. ANG North LLC
   9790 Gateway Drive, Suite 200, Reno, NV 89521

9. ANG Northeast LLC
   9790 Gateway Drive, Suite 200, Reno, NV 89521

10. ANG Pony LLC
    9790 Gateway Drive, Suite 200, Reno, NV 89521

11. Hasbrouck Production Company LLC
    9790 Gateway Drive, Suite 200, Reno, NV 89521

12. Hycroft Resources & Development, Inc.
    P.O. Box 3030, Winnemucca, NV 89446

13. Victory Exploration Inc.
    9790 Gateway Drive, Suite 200, Reno, NV 89521

14. Victory Gold Inc.
    9790 Gateway Drive, Suite 200, Reno, NV 89521

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| Allied Nevada Gold Corp., *et al.,*[1] | Case No. 15-_____ ( ) |
| Debtors. | Joint Administration Requested |

## CONSOLIDATED LIST OF CREDITORS
## HOLDING THE 25 LARGEST UNSECURED CLAIMS

The following is a list of creditors holding the 25 largest unsecured claims against the above-captioned debtors and debtors in possession (collectively, the *"Debtors"*), all of which have commenced chapter 11 cases in this Court. The list has been prepared from the unaudited books and records of the Debtors. The list is prepared on a consolidated basis in accordance with Fed. R. Bankr. P. 1007(d) for filing in the Debtors' chapter 11 cases. The list does not include (i) persons that come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (ii) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 25 largest unsecured claims. The information contained herein shall not constitute an admission of liability by, nor is it binding on, the Debtors. Moreover, nothing herein shall affect the Debtors' right to challenge the amount or characterization of any claim at a later date. The failure to list a claim as contingent, unliquidated or disputed does not constitute a waiver of the Debtors' right to contest the validity, priority and/or amount of any such claim.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Allied Nevada Gold Corp. (7115); Allied Nevada Gold Holdings LLC (7115); Allied VGH Inc. (3601); Allied VNC Inc. (3291); ANG Central LLC (7115); ANG Cortez LLC (7115); ANG Eureka LLC (7115); ANG North LLC (7115); ANG Northeast LLC (7115); ANG Pony LLC (7115); Hasbrouck Production Company LLC (3601); Hycroft Resources & Development, Inc. (1989); Victory Exploration Inc. (8144); and Victory Gold Inc. (8139). The corporate headquarters for each of the above Debtors are located at, and the mailing address for each of the above Debtors, except Hycroft Resources & Development, Inc., is 9790 Gateway Drive, Suite 200, Reno, NV 89521. The mailing address for Hycroft Resources & Development, Inc. is P.O. Box 3030, Winnemucca, NV 89446.

)

| | Name of Creditor | Complete mailing address, and employee, agents, or department familiar with claim | Nature of Claim (Trade Debt, bank loan, government contract, etc.) | Indicate if Claim is Contingent, Disputed, Unliquidated or subject to setoff | Amount of Claim |
|---|---|---|---|---|---|
| 1 | Computershare Trust Co. of Canada, as indenture trustee under that certain Indenture, dated May 25, 2012 | 100 University Ave., 9th Floor Toronto, ON M5J 2Y1 Attn: Shelley Bloomberg, Mgr. | Senior Unsecured Notes | | CDN $400,000,000.00,[1] plus accrued and unpaid interest |
| 2 | Cyanco Company LLC | 5505 Cyanco Drive Winnemucca, NV 89445 Attn: Bob Warriner | Trade Debt | | $3,714,772.00 |
| 3 | Graymont Capital Inc. | 3950 South 700 East, Suite 301 Salt Lake City, UT 84107 Attn: Trent Anderson | Trade Debt | | $2,788,888.89 |
| 4 | FLSmidth Salt Lake City, Inc. | Dawson Laboratory 7158 South FL Smidth Drive Midvale, UT 84047 Attn: Craig Sams | Trade Debt | | $2,519,208.61 |
| 5 | Humboldt County Treasurer | 50 W Fifth St. Winnemucca, NV 89445 Attn: Gina Rackley | Taxes | | $2,014,770.86 |
| 6 | Al Park Petroleum, Inc. | P.O. Box 1600 Elko, NV 89801 Attn: Galen Schorsch | Trade Debt | | $1,342,448.00 |
| 7 | Wesco - Explosives | 6875 South 900 East Suite 100 Midvale, UT 84047 Attn: Tom Fredrick, Jr. | Trade Debt | | $1,173,255.21 |
| 8 | Southwest Energy | 2040 West Gardner Lane Tucson, AZ 85705 Attn: Roger Osmun | Trade Debt | | $995,510.70 |
| 9 | Cummins Rocky Mountain, LLC | P.O. Box 912138 Denver, CO 80291 Attn: Jeff Silor | Trade Debt | | $963,669.39 |
| 10 | Sopus Products | P.O Box 7247-6236 Philadelphia, PA 19170 Attn: Sandy Nield | Trade Debt | | $887,176.39 |
| 11 | Arnold Machinery Company | P.O Box 30020 Salt Lake City, UT 84130 Attn: Terry Stewart | Trade Debt | | $667,629.61 |
| 12 | D&D Tire, Inc | Purcell Tire Co. P.O. Box 56129 Los Angeles, CA 90074 Attn: Gwen Sanchez | Trade Debt | | $617,702.49 |
| 13 | NV Energy | P.O. Box 30065 Reno, NV 89520 Attn: Johnny Hargrove | Trade Debt | | $596,774.19 |
| 14 | Fluor | 6700 Las Colinas Boulevard Irving, TX 75039 Attn: Sandeep Nibber | Trade Debt | | $557,682.87 |

---

[1] This amount is reflected in Canadian dollars. All other amounts are in U.S. dollars.

| | Name of Creditor | Complete mailing address, and employee, agents, or department familiar with claim | Nature of Claim (Trade Debt, bank loan, government contract, etc.) | Indicate if Claim is Contingent, Disputed, Unliquidated or subject to setoff | Amount of Claim |
|---|---|---|---|---|---|
| 15 | Apex Logistics | 12531 Violet Rd. Adelanto, CA 92301 Attn: Denny Wyatt | Trade Debt | | $391,468.94 |
| 16 | GCR Tires and Service | P.O. Box 910530 Denver, CO 80291 Attn: Jerry Moe | Trade Debt | | $385,599.76 |
| 17 | Ehrhardt Keefe Steiner & Hottman | 7979 E. Tufts Avenue, Suite 400 Denver, CO 80237 Attn: Nathan Gordan | Trade debt | | $306,510.00 |
| 18 | Esco Supply | 14785 Collections Center Drive, Chicago, IL 60693 Attn: Jeremy Johnson | Trade Debt | | $305,217.47 |
| 19 | Cate Equipment Co. of Elko | P.O. Box 27073 Salt Lake City, UT 84127 Attn: Shayne Hunter and Ray Pitts | Trade Debt | | $298,922.41 |
| 20 | AmeriGas Inc. | P.O. Box 7155 Pasadena, CA 91109 | Trade Debt | | $244,794.70 |
| 21 | International Lining Technology | 850 Maestro Drive, Suite 101 Reno, NV 89511 Attn: Kimberly Putnam | Trade Debt | | $227,794.10 |
| 22 | US Zinc | P.O. Box 301512 Dallas, TX 75303 Attn: Troy Burkland | Trade Debt | | $227,419.35 |
| 23 | Elko Inc. | 4105 W. Idaho St. Elko, NV 89801 Attn: Salene Collins | Trade Debt | | $198,166.67 |
| 24 | Rain For Rent Las Vegas | 1230 Glendale Ave. Sparks, NV 89431 Attn: Mike McGraw | Trade Debt | | $183,825.20 |
| 25 | Team Silverado Enterprise | 335 W 4th St. Winnemucca, NV 89445 Attn: Miguel Esquivel | Trade Debt | | $170,405.16 |

**DECLARATION UNDER
PENALTY OF PERJURY REGARDING CONSOLIDATED
LIST OF CREDITORS HOLDING 25 LARGEST UNSECURED CLAIMS**

I, the undersigned, declare under penalty of perjury that I have read the foregoing list and it is true and correct to the best of my knowledge, information and belief, relying on the appropriate officers and advisors of the Company.

Dated:  March 10, 2015

_____

Name: Stephen M. Jones
Title:   Executive Vice President, Secretary and
          Chief Financial Officer of Allied Nevada
          Gold Corp., direct or indirect parent of each
          of the Debtors

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Allied Nevada Gold Corp., *et al.,*[1] | ) | Case No. 15-_____ (  ) |
| | ) | |
| Debtors. | ) | Joint Administration Requested |
| | ) | |

## STATEMENT OF CORPORATE OWNERSHIP

In accordance with Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, attached hereto is an organizational chart reflecting all of the ownership interests in each of the above-captioned debtors and debtors in possession (collectively, the *"Debtors"*), and their non-Debtor affiliates.

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  Allied Nevada Gold Corp. (7115); Allied Nevada Gold Holdings LLC (7115); Allied VGH Inc. (3601); Allied VNC Inc. (3291); ANG Central LLC (7115); ANG Cortez LLC (7115); ANG Eureka LLC (7115); ANG North LLC (7115); ANG Northeast LLC (7115); ANG Pony LLC (7115); Hasbrouck Production Company LLC (3601); Hycroft Resources & Development, Inc. (1989); Victory Exploration Inc. (8144); and Victory Gold Inc. (8139).  The corporate headquarters for each of the above Debtors are located at, and the mailing address for each of the above Debtors, except Hycroft Resources & Development, Inc., is 9790 Gateway Drive, Suite 200, Reno, NV 89521.  The mailing address for Hycroft Resources & Development, Inc. is P.O. Box 3030, Winnemucca, NV 89446.

# Allied Nevada Gold Corp.
# Corporate Structure Chart



**Allied Nevada Gold Corp. [1]**
(Delaware)

Allied VGH Inc.
(Nevada)

Allied Nevada Delaware Holdings Inc.
(Delaware)

100% Class A Shares

Allied Nevada (Cayman) Corp.
(Cayman Islands)

100% Class B Shares

Hasbrouck Production Company LLC
(Nevada)

Hycroft Resources & Development, Inc.
(Nevada)

Victory Gold Inc.
(Nevada)

Victory Exploration Inc.
(Nevada)

Allied VNC Inc.
(Nevada)

Allied Nevada Gold Holdings LLC
(Nevada)

ANG Central LLC
(Nevada)

ANG Cortez LLC
(Nevada)

ANG Eureka LLC
(Nevada)

ANG North LLC
(Nevada)

ANG Northeast LLC
(Nevada)

ANG Pony LLC
(Nevada)

**Key:**  ░ Debtor  ☐ Non - Debtor

Entities are 100% owned unless indicated otherwise.
Jurisdiction of formation noted in parentheses.

[1]  Shares of common stock traded on NYSE MKT LLC and on the Toronto Stock Exchange.

**DECLARATION UNDER PENALTY OF PERJURY**
**REGARDING STATEMENT OF CORPORATE OWNERSHIP**

I, the undersigned, declare under penalty of perjury that I have reviewed the foregoing and that it is true and correct to the best of my knowledge, information and belief, relying on the appropriate officers and advisors of the Company.

Dated: March 10, 2015

Name: Stephen M. Jones
Title:  Executive Vice President, Secretary and
        Chief Financial Officer of Allied Nevada
        Gold Corp., direct or indirect parent of each
        of the Debtors

*EXECUTION VERSION*

## CERTIFICATE OF THE CORPORATE SECRETARY OF ALLIED NEVADA GOLD CORP. AND CERTAIN OF ITS DIRECT AND INDIRECT SUBSIDIARIES

March 10, 2015

I, Stephen M. Jones, hereby certify that I am the duly appointed, qualified and acting Secretary of each of the following: (i) Allied Nevada Gold Corp., a Delaware corporation, (ii) Allied Nevada Gold Holdings LLC, a Nevada limited liability company, (iii) ANG Central LLC, a Nevada limited liability company, (iv) ANG Cortez LLC, a Nevada limited liability company, (v) ANG Eureka LLC, a Nevada limited liability company, (vi) ANG North LLC, a Nevada limited liability company, (vii) ANG Northeast LLC, a Nevada limited liability company, (viii) ANG Pony LLC, a Nevada limited liability company, (ix) Allied VGH Inc, a Nevada corporation, (x) Hasbrouck Production Company LLC, a Nevada limited liability company, (xi) Hycroft Resources & Development, Inc., a Nevada corporation, (xii) Victory Gold Inc., a Nevada corporation, (xiii) Victory Exploration Inc., a Nevada corporation, and (xiv) Allied VNC Inc., a Nevada corporation, (each, a *"Company"* and, collectively, the *"Companies"*), and hereby certify in my capacity as Secretary and not in any individual capacity as follows:

1.  Attached hereto as <u>Exhibit A</u> is a true, correct and complete copy of the resolutions adopted by the boards of directors, the boards of managers, or the managing member of each of the Companies, as applicable, at a duly convened meeting on March 9, 2015 and such resolutions remain in full force and effect and have not been modified or rescinded.

[Signature Page Follows]

**IN WITNESS WHEREOF,** I have hereunto subscribed my name as of the date first written above.

By: _____
Name:  Stephen M. Jones
Title:    Secretary

Signature Page to Secretary Certificate

## EXHIBIT A

(see attached)

**OMNIBUS RESOLUTIONS OF THE BOARDS OF DIRECTORS, THE MANAGERS, AND
THE MANAGING MEMBER OF ALLIED NEVADA GOLD CORP.
AND CERTAIN OF ITS DIRECT AND INDIRECT SUBSIDIARIES**

**(March 9, 2015)**

On March 9, 2015, at a telephonic meeting of the boards of directors, the managers, and the managing member (each, an *"Authorizing Body"*), as applicable, of each of the following:

> Allied Nevada Gold Corp.
> Allied Nevada Gold Holdings LLC
> ANG Central LLC
> ANG Cortez LLC
> ANG Eureka LLC
> ANG North LLC
> ANG Northeast LLC
> ANG Pony LLC
> Allied VGH Inc.
> Hasbrouck Production Company LLC
> Hycroft Resources & Development, Inc.
> Victory Gold Inc.
> Victory Exploration Inc.
> Allied VNC Inc.

(each, a *"Company"* and, collectively, the *"Companies"*), each Company's respective Authorizing Body took the following actions and adopted the following resolutions:

**WHEREAS,** each Authorizing Body has reviewed and considered the materials presented by each Company's management team and financial and legal advisors, including, but not limited to, the presentation to each Authorizing Body made by Moelis & Company LLC (*"Moelis"*), the financial advisor to the Companies, and Akin Gump Strauss Hauer & Feld LLP (*"Akin Gump"*), legal counsel to the Companies, on the date hereof regarding, among other things, the liabilities, assets, and liquidity of each Company, the strategic alternatives available to each Company and the potential impact (financial and otherwise) of the foregoing on each Company's respective businesses;

**WHEREAS,** in connection with each Authorizing Body's consideration of such liabilities, assets, liquidity, strategic alternatives and the impact thereof, each Authorizing Body has reviewed and evaluated each of the potential financing and/or restructuring alternatives available to each Company, including, but not limited to: (i) an equity or debt (including debtor in possession) financing; (ii) a reorganization; (iii) a recapitalization, refinancing, amendment or exchange of, or exchange offer or tender offer for, each Company's existing indebtedness or any of its capital stock, in each case, whether in-court or out-of-court and/or whether pursuant to a pre-negotiated or pre-planned restructuring plan or proposal or otherwise; (iv) a sale of some or all of the assets of each Company; (v) the seeking of relief under chapter 11 of title 11 of the United States Code (the *"Bankruptcy Code"*) and the filing of a voluntary petition pursuant thereto; (vi) any combination of the foregoing; and (vii) any other strategic alternatives available to each Company (collectively, the *"Restructuring Alternatives"*);

**WHEREAS,** each Authorizing Body has had the opportunity to consult with such Company's management team and financial and legal advisors and to fully consider each of the strategic alternatives available to such Company, including, but not limited to, the Restructuring Alternatives;

1

**WHEREAS**, in contemplation of the foregoing, the Companies have negotiated that certain Restructuring Support Agreement (together with any exhibits, annexes or schedules attached thereto, the "*Restructuring Support Agreement*") to be entered into by and among (i) each of the Companies, (ii) certain of the beneficial owners (or investment managers or advisors for such beneficial owners) of those certain 8.75% senior unsecured notes due 2019, issued by Allied Nevada Gold Corp. pursuant to that certain Indenture, dated as of May 25, 2012, by and between Allied Nevada Gold Corp. and Computershare Trust Company of Canada, as trustee, and (iii) The Bank of Nova Scotia and Wells Fargo Bank, National Association (collectively the parties to the Restructuring Support Agreement, the "*RSA Parties*"), which Restructuring Support Agreement sets forth the agreement among the RSA Parties concerning their commitment to implement certain of the Restructuring Alternatives in accordance with the terms set forth in the Restructuring Support Agreement and its attached restructuring term sheet, including, but not limited to, seeking relief under the Bankruptcy Code as further described therein;

**WHEREAS**, in connection with the Restructuring Alternatives and pursuant to the terms of the Restructuring Support Agreement, it is proposed that the Companies enter into that certain secured debtor in possession credit agreement (together with any exhibits, annexes or schedules attached thereto, the "*DIP Credit Agreement*" and, the facility contemplated thereby, the "*DIP Facility*") to be entered into by and among Allied Nevada Gold Corp., as borrower ("*Borrower*"), the other Companies, as guarantors (collectively such other Companies, the "*Guarantors*"), the administrative agent and the collateral agent thereunder (collectively, the "*Agent*"), and the lenders providing financing thereunder ("*Lenders*"); and

**WHEREAS**, in connection with the DIP Facility, it is proposed that the Guarantors will guarantee the obligations of Borrower under the DIP Credit Agreement and each Company will grant to the Agent and the Lenders a lien on and a continuing security interest in substantially all of such Company's property, whether now or hereafter acquired, to secure the Companies' obligations under the DIP Facility pursuant to the DIP Credit Agreement and any other agreements (including any collateral agreements), documents, instruments, financing statements, filings or certificates related thereto or that may be necessary or desirable to effect the transactions contemplated thereby (together with all amendments, amendments and restatements, supplements, waivers, renewals, extensions, modifications, substitutions and replacements thereto and thereof, the "*DIP Facility Documents*");

**NOW, THEREFORE, BE IT HEREBY RESOLVED**, that, it is desirable and in the best interests of each Company and each Company's creditors, employees, equityholders, and other parties in interest that each Company file, or cause to be filed, a voluntary petition for relief under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*");

**RESOLVED FURTHER**, that the officers and other appropriate persons of each Company and any other person authorized to do so by the Authorizing Body of such Company (each, an "*Authorized Officer*"), acting alone or with one or more other Authorized Officers, with the power of delegation, be, and they hereby are, authorized, empowered, and directed on behalf of, and in the name of, each Company to execute, verify, certify and file a petition under chapter 11 of the Bankruptcy Code and all other petitions, motions, pleadings, applications, exhibits, schedules, lists, papers, instruments, or documents, and to take any and all actions that they deem necessary or proper to obtain such relief under the provisions of the Bankruptcy Code, including, but not limited to, any action necessary to maintain the ordinary course operation of each Company's businesses;

**RESOLVED FURTHER**, that the form, terms and provisions of the Restructuring Support Agreement are in the best interests of each Company and each Company's creditors, employees, equityholders, and other parties in interest;

**RESOLVED FURTHER,** that the Authorized Officers acting alone or with one or more other Authorized Officers, with the power of delegation, be, and they hereby are, authorized, empowered, and directed on behalf of, and in the name of, each Company to execute and deliver to the appropriate parties and to perform each Company's obligations under the Restructuring Support Agreement, including, but not limited to, the execution, delivery, and performance of any agreements, documents, instruments or certificates constituting exhibits, annexes, or schedules to, or required to be executed pursuant to, the Restructuring Support Agreement, in each case, with such changes therein or additions thereto as the Authorized Officer executing the same shall approve and the execution thereof by any such Authorized Officer to be conclusive evidence of such approval of such changes or additions;

**RESOLVED FURTHER,** that the form, terms and provisions of the DIP Credit Agreement are in the best interests of each Company and each Company's creditors, employees, equityholders, and other interested parties and it is in the best interests of each Company and each Company's creditors, employees, equityholders, and other interested parties that (i) Borrower make the borrowings contemplated by the DIP Facility; (ii) each Guarantor guarantee the obligations of Borrower thereunder and the other obligations specified therein; (iii) each Company grant to the Agent and the Lenders a lien on and a continuing security interest in substantially all of such Company's property as contemplated by the DIP Credit Agreement; and (iv) each Company consummate the transactions contemplated by the DIP Facility, including, but not limited to, the execution, delivery and performance of the obligations under the DIP Credit Agreement and each other DIP Facility Document;

**RESOLVED FURTHER,** that the Authorized Officers acting alone or with one or more other Authorized Officers, with the power of delegation, be, and they hereby are, authorized, empowered, and directed on behalf of, and in the name of, each Company to execute and deliver to the appropriate parties and to perform each Company's obligations under the DIP Credit Agreement and each other DIP Facility Document, including, but not limited to, the execution, delivery, and performance of all agreements, documents, instruments or certificates constituting exhibits, annexes, or schedules to, or required to be executed pursuant to, the DIP Facility Documents, in each case, with such changes therein or additions thereto as any Authorized Officer executing the same shall approve counsel and the execution thereof by any such Authorized Officer to be conclusive evidence of such approval of such changes or additions;

**RESOLVED FURTHER,** that the Authorized Officers acting alone or with one or more other Authorized Officers, with the power of delegation be, and they hereby are, authorized, empowered, and directed on behalf of, and in the name of, each Company to fix the terms of and to enter into, execute, file or deliver security, mortgage, pledge or other collateral agreements, documents, instruments, arrangements or statements, including, but not limited to, such financing statements or comparable documents required under the Uniform Commercial Code or comparable law as adopted in the relevant jurisdictions, and to make any and all expenditures, to incur any and all expenses, and to pay any and all required fees or taxes, as may be necessary, appropriate or advisable to create or perfect security interests in favor of the secured parties under the DIP Facility, substantially on the terms described in the DIP Facility Documents;

**RESOLVED FURTHER,** that the Authorized Officers be, and they hereby are, authorized, empowered, and directed to employ and engage Moelis as a financial advisor to represent and assist each Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance each Company's rights and obligations and, in connection therewith, the Authorized Officers, acting alone or with one or more other Authorized Officers, with the power of delegation, be, and they hereby are, authorized, empowered, and directed on behalf of, and in the name of, each Company to execute appropriate retention agreements, to pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of Moelis;

**RESOLVED FURTHER,** that the Authorized Officers be, and they hereby are, authorized, empowered, and directed to employ and engage FTI Consulting Inc. as a financial advisor to represent and assist each Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance each Company's rights and obligations and, in connection therewith, the Authorized Officers, acting alone or with one or more other Authorized Officers, with the power of delegation, be, and they hereby are, authorized, empowered, and directed on behalf of, and in the name of, each Company to execute appropriate retention agreements, to pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of FTI Consulting Inc.;

**RESOLVED FURTHER,** that the Authorized Officers be, and they hereby are, authorized, empowered, and directed to employ and engage Akin Gump as legal counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance each Company's rights and obligations and, in connection therewith, the Authorized Officers, acting alone or with one or more other Authorized Officers, with the power of delegation, be, and they hereby are, authorized, empowered, and directed on behalf of, and in the name of, each Company to execute appropriate retention agreements, to pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of Akin Gump;

**RESOLVED FURTHER,** that the Authorized Officers be, and they hereby are, authorized, empowered, and directed to employ and engage Blank Rome LLP as legal co-counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance each Company's rights and obligations and, in connection therewith, the Authorized Officers, acting alone or with one or more other Authorized Officers, with the power of delegation, be, and they hereby are, authorized, empowered, and directed on behalf of, and in the name of, each Company to execute appropriate retention agreements, to pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of Blank Rome LLP;

**RESOLVED FURTHER,** that the Authorized Officers be, and they hereby are, authorized, empowered, and directed to employ and engage Prime Clerk LLC to provide consulting services to each Company, including, but not limited to, noticing, claims management and reconciliation, plan solicitation, balloting, disbursements, and assisting with the preparation of each Company's schedules of assets and liabilities and a statement of financial affairs, and any other services agreed upon by the parties relating to each Company's duties under the Bankruptcy Code and, in connection therewith, the Authorized Officers, acting alone or with one or more other Authorized Officers, with the power of delegation, be, and they hereby are, authorized, empowered, and directed on behalf of, and in the name of, each Company to execute appropriate retention agreements, to pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of Prime Clerk LLC;

**RESOLVED FURTHER,** that the Authorized Officers be, and they hereby are, authorized, empowered, and directed to employ and engage any other legal counsel, accountants, financial advisors, and other professionals to represent and assist each Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance each Company's rights and obligations and, in connection therewith, the Authorized Officers, acting alone or with one or more other Authorized Officers, with the power of delegation, be, and they hereby are, authorized, empowered, and directed on behalf of, and in the name of, each Company to execute appropriate retention agreements, to pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of such other legal counsel, accountants, financial advisors, and other professionals;

**RESOLVED FURTHER,** that the Authorized Officers acting alone or with one or more other Authorized Officers, with the power of delegation, be, and they hereby are, authorized, empowered, and directed on behalf of, and in the name of, each Company (i) to take or cause to be taken any and all such

4

further actions and to prepare, execute and deliver or cause to be prepared, executed and delivered and, where necessary or appropriate, to file or cause to be filed with the appropriate governmental authorities, all such other petitions, motions, pleadings, applications, exhibits, schedules, lists, papers, instruments, and documents; (ii) to incur and pay or cause to be incurred and paid all fees, expenses, and taxes; and (iii) to engage such persons as such Authorized Officer, in his or her sole discretion, may determine to be necessary or appropriate to carry out fully the intent and purposes of the foregoing resolutions and each of the transactions contemplated thereby, in each case, including any such petitions, motions, pleadings, applications, exhibits, schedules, lists, papers, instruments, and documents contemplated by the foregoing resolutions;

**RESOLVED FURTHER**, that, to the extent the approval of any Company in its capacity as a stockholder, shareholder, equityholder, managing-member, manager, sole member, general partner, limited partner or other member or person acting in a similar capacity of any entity is required for such entity to execute, deliver or perform any of its obligations contemplated by these resolutions or the transactions contemplated hereby, including, but not limited to, the Restructuring Support Agreement and the DIP Facility Documents (including the granting of any lien pursuant thereto), the Authorizing Body of such Company hereby so approves and consents thereto;

**RESOLVED FURTHER**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were approved or certified, are hereby in all respects authorized, approved, ratified, confirmed, and adopted as acts of such Company;

**RESOLVED FURTHER**, that the signature of any Authorized Officer on any petition, motion, pleading, application, exhibit, schedule, instrument, document, certificate, agreement or other writing shall constitute conclusive evidence that such Authorized Officer deemed such act or thing to be necessary, advisable or appropriate; and

**RESOLVED FURTHER**, that the secretary, any assistant secretary or any other proper officer of each Company, acting alone or with one or more other Authorized Officers, with the power of delegation, be, and they hereby are, authorized, empowered, and directed on behalf of, and in the name of, each Company to certify and to furnish such copies of these resolutions as may be necessary and such statements of incumbency of the officers of each Company as may be requested.