**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Allied Nevada Gold Corp.,<br><br>Debtor.<br><br>Tax I.D. No. 20-5597115 | Chapter 11<br><br>Case No. 15-__________ ( ) |
| In re:<br><br>Allied Nevada Gold Holdings LLC,<br><br>Debtor.<br><br>Tax I.D. No. 20-5597115 | Chapter 11<br><br>Case No. 15-__________ ( ) |
| In re:<br><br>Allied VGH Inc.,<br><br>Debtor.<br><br>Tax I.D. No. 84-1363601 | Chapter 11<br><br>Case No. 15-__________ ( ) |
| In re:<br><br>Allied VNC Inc.,<br><br>Debtor.<br><br>Tax I.D. No. 51-0443291 | Chapter 11<br><br>Case No. 15-__________ ( ) |
| In re:<br><br>ANG Central LLC,<br><br>Debtor.<br><br>Tax I.D. No. 20-5597115 | Chapter 11<br><br>Case No. 15-__________ ( ) |

| | |
|---|---|
| In re:<br><br>ANG Cortez LLC,<br><br>Debtor.<br><br>Tax I.D. No. 20-5597115 | Chapter 11<br><br>Case No. 15-__________ ( ) |
| In re:<br><br>ANG Eureka LLC,<br><br>Debtor.<br><br>Tax I.D. No. 20-5597115 | Chapter 11<br><br>Case No. 15-__________ ( ) |
| In re:<br><br>ANG North LLC,<br><br>Debtor.<br><br>Tax I.D. No. 20-5597115 | Chapter 11<br><br>Case No. 15-__________ ( ) |
| In re:<br><br>ANG Northeast LLC,<br><br>Debtor.<br><br>Tax I.D. No. 20-5597115 | Chapter 11<br><br>Case No. 15-__________ ( ) |
| In re:<br><br>ANG Pony LLC,<br><br>Debtor.<br><br>Tax I.D. No. 20-5597115 | Chapter 11<br><br>Case No. 15-__________ ( ) |

| | |
|---|---|
| In re:<br><br>Hasbrouck Production Company LLC<br><br>Debtor.<br><br>Tax I.D. No. 84-1363601 | Chapter 11<br><br>Case No. 15-__________ ( ) |
| In re:<br><br>Hycroft Resources & Development, Inc.,<br><br>Debtor.<br><br>Tax I.D. No. 88-0211989 | Chapter 11<br><br>Case No. 15-__________ ( ) |
| In re:<br><br>Victory Exploration Inc.<br><br>Debtor.<br><br>Tax I.D. No. 56-2558144 | Chapter 11<br><br>Case No. 15-__________ ( ) |
| In re:<br><br>Victory Gold Inc.<br><br>Debtor.<br><br>Tax I.D. No. 56-2558139 | Chapter 11<br><br>Case No. 15-__________ ( ) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

The above-captioned debtors and debtors in possession (collectively, the "***Debtors***") seek entry of an order, substantially in the form attached hereto as **Exhibit A**, directing joint administration of their respective chapter 11 cases. In support of this motion, the Debtors submit the *Declaration of Stephen M. Jones in Support of Chapter 11 Petitions and Various First Day Applications and Motions* (the "***First Day Declaration***") and respectfully state as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "***Amended Standing Order***"). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") and Rules 1015-1 and 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "***Local Rules***").

## BACKGROUND

### A. General Background

4. On the date hereof (the "***Petition Date***"), each of the Debtors filed in this Court a voluntary petition for relief under title 11 of the United States Bankruptcy Code (the "***Bankruptcy Code***"). The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases. No official committee has been appointed.

5. A description of the Debtors' business and the reasons for filing these chapter 11 cases is set forth in the First Day Declaration filed contemporaneously herewith and incorporated by reference as if fully set forth herein.

**B. Specific Background**

6. The Debtors in these chapter 11 cases include Allied Nevada Gold Corp. ("***ANV***") and 13 of ANV's direct and indirect subsidiaries. The organizational structure of the Debtors is set forth on **Exhibit A** to the First Day Declaration.

## RELIEF REQUESTED

7. The Debtors seek joint administration of these chapter 11 cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rules 1015-1 and 9013-1(m).

## SUPPORTING AUTHORITY

8. Bankruptcy Rule 1015(b) provides, in relevant part, that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" of each other as that term is defined in Bankruptcy Code section 101(2). 11 U.S.C. § 101(2). Therefore, this Court is authorized to jointly administer the Debtors' cases for procedural purposes.

9. In addition, Local Rule 1015-1 permits a bankruptcy court to enter an order granting joint administration of two or more cases "upon the filing of a motion for joint administration . . . supported by an affidavit, declaration or verification, which establishes that joint administration . . . is warranted and will ease the administrative burden for the Court and the parties."

10. Joint administration of the Debtors' chapter 11 cases will avoid the preparation, replication, service and filing of duplicative notices, applications and orders in each of the 14 respective dockets, thereby saving the Court, the Debtors and other parties in interest substantial

time and expense. The requested relief will not adversely affect parties' rights, as this motion requests only joint administration, and not substantive consolidation, of the Debtors' estates. In fact, the reduced costs that will result from the joint administration of these chapter 11 cases will inure to the benefit of all of the Debtors' stakeholders. Therefore, joint administration is warranted and will ease the administrative burden on the Court and the parties.

11. Accordingly, the Debtors respectfully request that the caption of their chapter 11 cases to be used by all parties in all pleadings and notices in the jointly administered cases be as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Allied Nevada Gold Corp., *et al.*, | ) | Case No. 15-__________ ( ) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

12. The Debtors also seek to waive the requirements of Bankruptcy Code section 342(c)(1) and Bankruptcy Rules 1005 and 2002(n) that the case caption on pleadings and notices in these cases contain the name, tax identification number and address of each Debtor and any names used by each Debtor in the previous eight years. As an alternative to including this information in the caption, the Debtors propose to include in a footnote to each pleading and notice a list of the Debtors in these chapter 11 cases and the last four digits of their tax identification numbers along with the address of the entities' corporate headquarters. The simplified caption is particularly appropriate in the context of these chapter 11 cases. In addition, the case-specific information will be listed in the petitions for the respective Debtors,

which are publicly available. Therefore, the Debtors submit that the policies behind the requirements of Bankruptcy Code section 342(c)(1) and Bankruptcy Rules 1005 and 2002 have been satisfied.

13. The Debtors also request that the Court make separate docket entries in each of the Debtors' chapter 11 cases (other than that of ANV), substantially similar to the following:

> "An order has been entered in this case consolidating this case with the case of Allied Nevada Gold Corp. (Case No. 15-_________(____)) for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 15-_________(____) should be consulted for all matters affecting this case."

14. Courts in this District frequently grant the relief requested herein in other chapter 11 cases. *See, e.g., In re ProNerve Holdings, LLC*, No. 15-10373 (KJC) (Bankr. D. Del. Feb. 24, 2015), Docket No. 5; *In re RadioShack Corp.*, No. 15-10197 (KJC) (Bankr. D. Del. Feb. 6, 2015), Docket No. 98; *In re Caché Inc.*, No. 15-10172 (MFW Bankr. D. Del. Feb. 5, 2015 ), Docket No. 55; *In re The Wet Seal, Inc.*, No. 15-10081 (CSS) (Bankr. D. Del. Jan. 20, 2015), Docket No. 91; *In re Deb Stores Holding LLC*, No. 14-12676 (MFW) (Bankr. D. Del. Dec. 5, 2014), Docket No. 43.[1]

15. Based on the foregoing, the Debtors submit that the relief requested herein is necessary, appropriate and in the best interests of their estates and creditors and other parties in interest and should be granted.

**NOTICE**

16. Notice of this motion has been provided to the following parties, or, in lieu thereof, their counsel: (a) the Office of the United States Trustee for the District of Delaware; (b) the entities on the Consolidated List of Creditors Holding the 25 Largest Unsecured Claims

---

1 Copies of these orders are available upon request to the Debtors' proposed counsel.

filed pursuant to Bankruptcy Rule 1007(d); (c) Stroock & Stroock & Lavan LLP, as lead counsel, and Young Conaway Stargatt & Taylor, LLP, as Delaware counsel, to the proposed DIP Lenders, proposed DIP Agent and Noteholder Ad Hoc Group; (d) the proposed DIP Agent; (e) the Indenture Trustee under that certain Indenture, dated as of May 25, 2012; (f) The Bank of Nova Scotia, as the administrative and co-collateral agent (the "***Administrative Agent***") under the Third Amended and Restated Credit Agreement, dated as of May 8, 2014 (the "***Credit Agreement***"); (g) Wachtell, Lipton, Rosen & Katz, as counsel to the Administrative Agent; (h) Wells Fargo Bank, National Association, as co-collateral agent under the Credit Agreement (the "***Co-Collateral Agent***"); (i) Paul Hastings LLP, as counsel to the Co-Collateral Agent; and (j) all parties entitled to notice pursuant to Local Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the proposed order, substantially in the form annexed as **Exhibit A** hereto, granting the relief requested in the motion and (b) grant such other and further relief as may be just, proper and equitable.

Wilmington, Delaware
Date: March 10, 2015

**BLANK ROME LLP**

By: */s/ Stanley B. Tarr*
Stanley B. Tarr (No. 5535)
Bonnie Glantz Fatell (No. 3809)
Michael D. DeBaecke (No. 3186)
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464

-and-

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira S. Dizengoff (*pro hac vice* admission pending)
Philip C. Dublin (*pro hac vice* admission pending)
Alexis Freeman (*pro hac vice* admission pending)
Kristine G. Manoukian (No. 5509)
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

*Proposed Co-Counsel to the Debtors and Debtors in Possession*