**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Allied Nevada Gold Corp., <u>et al</u>.,<br><br>              Debtors. | Chapter 11<br><br>Case No. 15-10503 (MFW)<br><br>Jointly Administered<br><br>Objection Deadline: April 14, 2015 at 4:00 p.m. (Bidding Procedures)<br>Hearing Date: April 21, 2015 at 3:00 p.m. (Bidding Procedures)<br><br>**Re: Docket Nos. 133 & 180** |

**LIMITED OBJECTION TO DEBTORS' MOTION FOR ORDERS (I)(A) AUTHORIZING SELLING DEBTORS' ENTRY INTO THE STALKING HORSE PURCHASE AGREEMENT FOR THE SALE OF THE SELLING DEBTORS' EXPLORATION PROPERTIES AND RELATED ASSETS, (B) APPROVING BIDDING PROCEDURES AND BID PROTECTIONS, (C) SCHEDULING A HEARING TO CONSIDER APPROVAL OF THE SALE OF ASSETS, (D) APPROVING FORM AND MANNER OF NOTICE OF SALE, AND (E) GRANTING RELATED RELIEF; AND (II)(A) AUTHORIZING AND APPROVING THE SALE OF THE SELLING DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND <u>(C) GRANTING RELATED RELIEF</u>**

WK Mining (USA) Ltd. ("<u>WK Mining</u>"), by and through its undersigned counsel, files this Limited Objection to the *Motion for Orders (I)(A) Authorizing Selling Debtors' Entry into the Stalking Horse Purchase Agreement for the Sale of the Selling Debtors' Exploration Properties and Related Assets, (B) Approving Bidding Procedures and Bid Protections, (C) Scheduling a Hearing to Consider Approval of the Sale of Assets, (D) Approving Form and Manner of Notice of Sale, and (E) Granting Related Relief; (II)(A) Authorizing and Approving the Sale of the Selling Debtors' Assets Free and Clear of Liens, Claims, Interest and Encumbrances, (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Related Relief*

7725872/1

(the "Sale Motion") filed by the above captioned debtors (collectively, the "Debtors") and respectfully states as follows:

## I. JURISDICTION

1. This Court possesses jurisdiction over the instant matter pursuant to 28 U.S.C. §§157(b)(1) and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

## II. BACKGROUND FACTS

2. On March 10, 2015 (the "Petition Date"), the Debtors[1] filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Code"). The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Code. On March 11, 2015, the Court entered an order [Doc. No. 53] authorizing the joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

3. On March 31, 2015, the Debtors filed the Sale Motion [Doc. No. 133]. The Sale Motion seeks the Court's order authorizing the Debtors to enter into a Stalking Horse Purchase Agreement for the sale of Acquired Assets, approving the Debtors' proposed Bidding Procedures, approving the Debtors' proposed Assignment Procedures, authorizing the sale of Acquired Assets, and authorizing the assumption and assignment of certain executory contracts.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Allied Nevada Gold Corp. (7115); Allied Nevada Gold Holdings LLC (7115); Allied VGH Inc. (3601); Allied VNC Inc. (3291); ANG Central LLC (7115); ANG Cortez LLC (7115); ANG Eureka LLC (7115); ANG North LLC (7115); ANG Northeast LLC (7115); ANG Pony LLC (7115); Hasbrouck Production Company LLC (3601); Hycroft Resources & Development, Inc. (1989); Victory Exploration Inc. (8144); and Victory Gold Inc. (8139). The corporate headquarters for each of the above Debtors are located at, and the mailing address for each of the above Debtors, except Hycroft Resources & Development, Inc. is 9700 Gateway Drive, Suite 200, Reno, NV 89521. The mailing address for Hycroft Resources & Development, Inc. is P.O. Box 3030, Winnemucca, NV 89446.

7725872/1

4. On April 22, 2014, WK Mining entered into a Purchase and Sale Agreement (the "WK Agreement") with Debtors Allied VNC Inc. and Hasbrouck Production Company LLC, wherein WK Mining purchased multiple mining claims from these Debtors. Accordingly, WK Mining is a party in interest pursuant to Bankruptcy Rule 6006 and 11 U.S.C. §1109.

5. The Debtors' Sale Motion, proposed Bidding Procedures, and Stalking Horse Purchase Agreement all reference certain "Acquired Assets" to be sold. However, nowhere in the Sale Motion nor in the related documents do the Debtors provide a list of these Acquired Assets.

6. Likewise, the Sale Motion and related documents refer to "Potentially Assigned Contracts and Leases," which are not listed or otherwise described. (See, for example, Exhibit 1 [Doc. No. 133-2, p. 42] to the proposed *Notice of (I) Cure Amount With Respect to Executory Contracts and Unexpired Leases to be Assumed and Assigned and (II) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases* [Doc. No. 133-2, p. 35].

7. Only today did the Debtors file their Disclosure Schedules and identify the WK Agreement under Schedule 4.13(a)(i), Property Contracts. [Doc. No. 180, filed 4/14/15.] It is unclear whether the Debtors intend to treat the WK Agreement as an Acquired Asset to be sold, or as a "Potentially Assigned Contract."

### III.    OBJECTION

8. 11 U.S.C. §363(b)(1) provides that "[t]he Trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . .." A sale pursuant to §363(b)(1) can be approved by the Court only after a finding that the sale shows sound business judgment on the part of the trustee or debtor in possession. In re MF Global, Inc., 467 B.R. 726, 730 (Bankr. S.D.N.Y. 2012), citing In re Chateaugay Corp., 937 B.2d 141 (2d Cir. 1992);

Comm. Of Equity Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1071 (2d Cir. 1983). "Once a court determines that a sound business justification exists, the court must determine whether (i) the debtor has provided all interested parties with adequate and reasonable notice, (ii) the sale price is fair and reasonable, and (iii) the purchaser is proceeding in good faith." In re MF Global, Inc., 467 B.R. at 730 (citing In re Del & Hudson Ry. Co., 124 B.R. 169, 176 (D. Del. 1991)).

9. The Debtors' Sale Motion does not provide sufficient information for the Court to make the determinations required by §363 of the Code. It is unclear from the Sale Motion whether the proposed assets to be sold include any rights, duties, or obligations under the WK Agreement, whether it makes sense to sell the Acquired Assets as a package or separated into smaller (or individual) assets, or whether the Stalking Horse Purchase Agreement represents a fair starting price for the value of the assets to be sold. If the Acquired Assets are only to be offered as a package, this deprives potential bidders of the ability to purchase individual Acquired Assets, which may maximize value to the estate. The Sale Motion does not provide enough information for the Court to decide whether the sale of the Acquired Assets is material or immaterial to the reorganization – due to the lack of detail in the Sale Motion, it is unclear whether a sale pursuant to §363 is the proper mechanism to address the assets of the estate. It is unclear whether the bid protections proposed for prospective bidders are market rate. Without knowing the scope of the proposed sale, the prospective bidders do not even know whether they are bidding on assets subject to other encumbrances.

10. WK Mining objects to the Sale Motion to the extent it in any way involves or has any effect upon the WK Agreement. While the Debtors have filed – at the last minute – Schedules that include the WK Agreement, it is unclear from the Sale Motion whether the Debtors intend to sell or assign the WK Agreement as part of the proposed sale. As the Debtors are aware, the WK

Agreement contains a provision prohibiting the assignment of the Debtors' rights and/or obligations without first obtaining WK Mining's written consent. The Debtors have not addressed in their Sale Motion whether they intend to sell or assign the WK Agreement without WK Mining's written consent, and if so, they Debtors have not provided the Court with any briefing addressing the basis for their ability to do so. Until such time that the Debtors provide adequate information to the Court to be able to conduct the evaluation required by §363, the Sale Motion must be denied or postponed.

11. WK Mining reserves its rights to supplement this Objection when and if the Debtors provide further information to address the issues raised here.

WHEREFORE, WK Mining (USA) Ltd. respectfully requests that this Court grant it the relief requested, and for such other and further relief which it deems appropriate.

Dated: April 14, 2015

**MORRIS JAMES LLP**

By: /s/ Brett D. Fallon
Brett D. Fallon (DE Bar No. 2480)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, Delaware  19899-2306
Telephone:  (302) 888-6800
Facsimile:  (302) 571-1750
Email: bfallon@morrisjames.com

**PARSONS BEHLE & LATIMER**
Rew R. Goodenow (NV Bar No. 3722)
50 W. Liberty Street, Suite 750
Reno, NV 89501
Telephone: (775) 323-1601
Facsimile: (775) 348-7250
Email: rgoodenow@parsonsbehle.com

*Attorneys for WK Mining (USA) Ltd.*