## **SCHEDULE 2**

NOTICE OF AUCTION AND SALE HEARING

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Allied Nevada Gold Corp., *et al.*[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 15-10503 (MFW)<br>)<br>) Jointly Administered<br>)<br>) Sale Hearing Date: June 18, 2015 at 10:30 a.m.<br>) (EDT)<br>) Objection Deadline June 11, 2015 at 10:30 a.m.<br>) (EDT), or if the Stalking Horse Bidder is not the<br>) Successful Bidder, the Sale Hearing |

## NOTICE OF PUBLIC AUCTION AND SALE HEARING

("*Sale Notice*")

**PLEASE TAKE NOTICE** that certain of the above-captioned debtors and debtors in possession (collectively, the "*Debtors*"), as Selling Debtors,[2] have entered into an asset purchase agreement, dated [____], 2015 (the "*Stalking Horse Purchase Agreement*"), with Clover Nevada LLC, as Buyer (the "*Stalking Horse Bidder*"), to sell the Selling Debtors' Exploration Properties and related assets free and clear of all liens, claims, encumbrances and other interests to the Stalking Horse Bidder (the "*Sale*"), subject to the submission of higher or better offers in an auction process (the "*Auction*").

**PLEASE TAKE FURTHER NOTICE** that in connection with the proposed Sale, on March 31, 2015, the Debtors filed a motion [Docket No. 133] (the "*Motion*") seeking court orders for the approval and authorization of, among other things, (a) the Sale, (b) bidding procedures in connection with the Sale, (c) the payment to the Stalking Horse Bidder, if necessary, of a Break-Up Fee and Expense Reimbursement, (d) the form and manner of notices

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Allied Nevada Gold Corp. (7115); Allied Nevada Gold Holdings LLC (7115); Allied VGH Inc. (3601); Allied VNC Inc. (3291); ANG Central LLC (7115); ANG Cortez LLC (7115); ANG Eureka LLC (7115); ANG North LLC (7115); ANG Northeast LLC (7115); ANG Pony LLC (7115); Hasbrouck Production Company LLC (3601); Hycroft Resources & Development, Inc. (1989); Victory Exploration Inc. (8144); and Victory Gold Inc. (8139). The corporate headquarters for each of the above Debtors are located at, and the mailing address for each of the above Debtors, except Hycroft Resources & Development, Inc., is 9790 Gateway Drive, Suite 200, Reno, NV 89521. The mailing address for Hycroft Resources & Development, Inc. is P.O. Box 3030, Winnemucca, NV 89446.

[2] The Selling Debtors are Allied Nevada Gold Corp., ANG Eureka LLC, ANG Cortez LLC, ANG Northeast LLC, ANG Pony LLC, ANG Central LLC, Allied Nevada Gold Holdings LLC, ANG North LLC, Allied VNC Inc., Victory Exploration Inc. and Hasbrouck Production Company LLC, each of whom is a Debtor in these cases.

relating to the Sale, and (e) procedures related to the assumption and assignment of executory contracts and unexpired leases in connection with the Sale.

**PLEASE TAKE FURTHER NOTICE** that, on [____], 2015, the United States Bankruptcy Court for the District of Delaware (the "***Court***") entered an order [Docket No. __] (the "***Bidding Procedures Order***") approving the bidding procedures (the "***Bidding Procedures***"), which establish the key dates and times related to the Sale. All interested bidders should carefully read the Bidding Procedures Order and the Bidding Procedures. The summary of the Bidding Procedures contained in this Sale Notice is provided for convenience only. If there are any inconsistencies between the Bidding Procedures and the summary description in this Sale Notice, the terms of the Bidding Procedures shall control. The deadline by which all Qualified Bids (as defined in the Bidding Procedures) must be _actually received_ by the parties specified in the Bidding Procedures Order is June 12, 2015 at 5:00 p.m. (prevailing Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion, Bidding Procedures and Bidding Procedures Order, as well as all related exhibits including the Stalking Horse Purchase Agreement, are available on the website of the Court-appointed claims and noticing agent for the Debtors' chapter 11 cases, Prime Clerk LLC, https://cases.primeclerk.com/alliednevadagold/, or can be requested by e-mail at [____].

**PLEASE TAKE FURTHER NOTICE** that if the Debtors receive one or more Qualified Bids (in addition to the Stalking Horse Purchase Agreement) that satisfy the requirements and timeframe specified by the Bidding Procedures, the Debtors will conduct the Auction to determine the highest and best bid for the purchased assets on June 16, 2015 at 10:00 a.m. (prevailing Eastern Time) at the offices of Akin Gump Strauss Hauer & Feld LLP, co-counsel to the Debtors, at One Bryant Park, New York, NY 10036, or at such other location as the Debtors may hereafter designate (with notice of such alternate location given to all Qualified Bidders under the Bidding Procedures and to the Consultation Parties). If no other Qualified Bid is received by the Bid Deadline (other than the Stalking Horse Bid), then the Auction shall not be held, and the Debtors shall promptly seek Court approval of the sale of the Acquired Assets to the Stalking Horse Bidder in accordance with the terms of the Stalking Horse Purchase Agreement.

**PLEASE TAKE FURTHER NOTICE** that any non-Debtor counterparty to any Potentially Assigned Contract or Lease that wishes to receive fax or email notice of the identity of Qualified Bidders or of the Successful Bidder may provide their fax number or email address to Debtors' counsel by email: Akin Gump Strauss Hauer & Feld, One Bryant Park, New York, NY 10036 (Attn: Matthew C. Fagen, mfagen@akingump.com and Catherine Eisenhut, ceisenhut@akingump.com).

**PLEASE TAKE FURTHER NOTICE** that only the Debtors, the Stalking Horse Bidder, and any other Qualified Bidders, their respective representatives, the Consultation Parties the United States Trustee and other creditors in the Debtors' chapter 11 cases shall be permitted to attend the Auction.

**PLEASE TAKE FURTHER NOTICE** that the Debtors will seek approval of the Sale before the Honorable Mary F. Walrath, United States Bankruptcy Judge for the District of Delaware, at 824 North Market Street, 5th Floor, Wilmington, Delaware 19801, on June 18, 2015 at 10:30 a.m. (prevailing Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that objections to the Motion, if any, _must_: (i) be in writing; (ii) conform to the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules for the United States Bankruptcy Court for the District of Delaware; (iii) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (iv) be filed with the Court and served so as to be _actually received_ no later than June 11, 2015 at 4:00 p.m. (prevailing Eastern Time) or, if the Stalking Horse Bidder is not the Successful Bidder, at the Sale Hearing, by the following parties:

| Debtors | Co-Counsel to Debtors |
|---|---|
| Allied Nevada Gold Corp.<br>9790 Gateway Drive, Suite 200<br>Reno, Nevada 89521<br>Fax No. (775) 358-4458<br>Attn: Stephen M. Jones | Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>New York, New York 10036<br>Fax No. (212) 872-1002<br>Attn: Philip C. Dublin and Alexis Freeman<br>- and -<br>Blank Rome LLP<br>1201 North Market Street, Suite 800<br>Wilmington, Delaware 19801<br>Fax No. (302) 425-6464<br>Attn: Stanley B. Tarr |
| **United States Trustee** | **Co-Counsel to the Stalking Horse Bidder** |
| Office of the United States Trustee<br>for the District of Delaware<br>844 King Street<br>Suite 2207, Lockbox 35<br>Wilmington, Delaware 19801<br>Fax No. (302) 573-6479<br>Attn: Tiiara N.A. Patton | Sidley Austin LLP<br>One South Dearborn<br>Chicago, Illinois 60603<br>Fax No. (312) 853-7036<br>Attn: Jessica C.K. Boelter |
| **Proposed Co-Counsel to the Committee** | **Co-Counsel to the DIP Lenders, DIP Agent and Noteholder Ad Hoc Group** |
| Arent Fox LLP<br>1675 Broadway<br>New York, New York 10019<br>Attn: Robert M. Hirsh<br>Fax No. (212) 484-3990<br>- and -<br>Polsinelli PC,<br>222 Delaware Ave., Ste. 1101<br>Wilmington, Delaware 19801<br>Fax No. (302) 252-0921<br>Attn: Christopher A. Ward | Stroock & Stroock & Lavan LLP<br>180 Maiden Lane<br>New York, New York 10038<br>Fax No. (212) 806-6006<br>Attn: Jayme T. Goldstein<br>- and -<br>Young Conaway Stargatt & Taylor, LLP<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Fax No. (302) 576-3312<br>Attn: Matthew B. Lunn |
| **Co-Counsel to The Bank of Nova Scotia** | **Counsel to Wells Fargo** |
| Wachtell, Lipton, Rosen & Katz<br>51 West 52nd Street<br>New York, New York 10019<br>Fax No. (212) 403-2340<br>Attn: Richard Mason<br>- and -<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 N. Market Street, 16th Floor<br>Wilmington, Delaware 19801<br>Fax No. (302) 425-4664<br>Attn: Derek C. Abbott | Paul Hastings LLP<br>75 East 55th Street<br>New York, New York 10022<br>Fax No. (212) 230-7699<br>Attn: Andrew V. Tenzer |

**PLEASE TAKE FURTHER NOTICE** that key dates with respect to the Sale are set forth below:

| Deadline/Event | Date |
| --- | --- |
| Cure Notice Deadline | 3 Business Days after entry of Bidding Procedures Order |
| Cure Amount/Assignment Objection Deadline | May 21, 2015 at 4:00 p.m. (prevailing Eastern Time) or, if the Stalking Horse Bidder is not the Successful Bidder, the Sale Hearing |
| Sale Objection Deadline | June 11, 2015 or, if the Stalking Horse Bidder is not the Successful Bidder, the Sale Hearing |
| Bid Deadline | June 12, 2015 at 5:00 p.m. (prevailing Eastern Time) |
| Auction | June 16, 2015 at 10:00 a.m. (prevailing Eastern Time) |

Wilmington, Delaware
Date: _____, 2015

**BLANK ROME LLP**

By: _____
Stanley B. Tarr (No. 5535)
Bonnie Glantz Fatell (No. 3809)
Michael D. DeBaecke (No. 3186)
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464

-and-

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira S. Dizengoff (admitted *pro hac vice*)
Philip C. Dublin (admitted *pro hac vice*)
Alexis Freeman (admitted *pro hac vice*)
Matthew C. Fagen (admitted *pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

*Co-Counsel to the Debtors and*
*Debtors in Possession*

## CONSEQUENCES OF FAILING TO TIMELY FILE AND SERVE AN OBJECTION

ANY PARTY OR ENTITY WHO FAILS TO TIMELY FILE AND SERVE AN OBJECTION TO THE SALE ON OR BEFORE THE OBJECTION DEADLINE IN ACCORDANCE WITH THE BIDDING PROCEDURES ORDER MAY BE FOREVER BARRED FROM ASSERTING ANY OBJECTION TO THE SALE, INCLUDING WITH RESPECT TO THE TRANSFER OF THE PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS AFFECTED THEREUNDER.

### NO SUCCESSOR OR TRANSFEREE LIABILITY

The proposed Sale Order provides that the purchaser in the Sale (the "**Purchaser**") will have no responsibility for, and the assets will be sold free and clear of, any successor liability, including the following:

To the greatest extent allowable by applicable law, the Purchaser shall not be deemed, as a result of any action taken in connection with the Stalking Horse Purchase Agreement, the consummation of the Sale (as defined in the proposed Sale Order) contemplated by the Stalking Horse Purchase Agreement, or the transfer or operation of the Acquired Assets, to (a) be a legal successor, or otherwise be deemed a successor to the Debtors (other than, for the Purchaser, with respect to any obligations as an assignee under the Assigned Contracts and Assigned Leases arising after the Closing); (b) have, *de facto* or otherwise, merged with or into the Debtors; or (c) be an alter ego or mere continuation or substantial continuation of the Debtors, including, without limitation, within the meaning of any foreign, federal, state or local revenue law, pension law, the Employee Retirement Income Security Act, the Consolidated Omnibus Budget Reconciliation Act, the WARN Act (29 U.S.C. §§ 2101, et seq.), the Comprehensive Environmental Response Compensation and Liability Act ("**CERCLA**"), the Fair Labor Standard Act, Title VII of the Civil Rights Act of 1964 (as amended), the Age Discrimination and Employment Act of 1967 (as amended), the Federal Rehabilitation Act of 1973 (as amended), the National Labor Relations Act (29 U.S.C. § 151, et seq.), environmental liabilities, debts, claims or obligations arising from conditions first existing on or prior to the Closing (including, without limitation, the presence of hazardous, toxic, polluting, or contaminating substances or wastes), which may be asserted on any basis, including, without limitation, under CERCLA, any liabilities, debts or obligations of or required to be paid by the Debtors for any taxes of any kind for any period, labor, employment, or other law, rule or regulation (including without limitation filing requirements under any such laws, rules or regulations), or under any products liability law or doctrine with respect to the Debtors' liability under such law, rule or regulation or doctrine; provided, however, that nothing in the proposed Sale Order or the Stalking Horse Purchase Agreement shall release, nullify, preclude, or enjoin the enforcement of any liability to a governmental unit under environmental statutes or under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of the Acquired Assets after the Closing. All rights of any party to set off any claims, debts or obligations owed by or to the Purchaser in connection with the Acquired Assets shall be extinguished on the Closing Date pursuant to the proposed Sale Order, with such rights attaching to the proceeds of the Sale. Other than as expressly set forth in the Stalking Horse Purchase Agreement with respect to Assumed Liabilities, the Purchaser shall not have any responsibility for (a) any liability or other obligation of the Debtors or related to the Acquired Assets or (b) any claims (as such term is defined in section 101(5) of the Bankruptcy Code) against the Debtors or any of their predecessors or affiliates. To the greatest extent allowed by applicable law, the Purchaser shall have no liability whatsoever with respect to the Debtors' (or their predecessors' or affiliates') respective businesses or operations or any of the Debtors' (or their predecessors' or affiliates') obligations based, in whole or in part, directly or indirectly, on any theory of successor or vicarious liability of any kind or character, or based upon any theory of antitrust, environmental, successor or transferee liability, *de facto* merger or substantial continuity, labor and employment or products liability, whether known or unknown as of the Closing, now existing or hereafter arising, asserted or unasserted, fixed or contingent, liquidated or unliquidated, including liabilities on account of any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the operation of the Acquired Assets prior to the Closing.

### IF YOU HAVE ANY QUESTIONS REGARDING THIS SALE NOTICE, PLEASE CONTACT THE CLAIMS AND NOTICING AGENT AT 212-257-5450