## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------X
:
In re: : Chapter 11
:
ALLIED NEVADA GOLD CORP., *et al.*,[1] : Case No. 15-10503 (MFW)
:
Debtors. : Jointly Administered
:
: **Hearing Date:  July 21, 2015 at 2:00 p.m.**
: **Objection Deadline: July 14, 2015 at 4:00 p.m.**
-------------------------------------------------------------X

## APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF NAVIGANT CONSULTING, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS, *NUNC PRO TUNC*, AS OF JUNE 3, 2015

The Official Committee of Equity Security Holders (the "**Equity Committee**") of debtors, Allied Nevada Gold Corp. and its debtor affiliates (collectively, "**Debtors**"), appointed pursuant to Section 1102(a)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**") in the above-captioned jointly administered chapter 11 cases (the "**Chapter 11 Cases**"), hereby applies for an Order authorizing the employment and retention of Navigant Consulting, Inc. ("**Navigant**") as its financial advisor pursuant to Sections 328 and 1103 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), *nunc pro tunc* as of June 3, 2015 (the "**Application**").    In support of the Application, the Equity Committee incorporates the

---

[1] The debtors in these cases, including the last four digits of each Debtor's federal tax identification number, are: Allied Nevada Gold Corp. (7115); Allied Nevada Gold Holdings LLC (7115); Allied VGH Inc. (3601); Allied VNC Inc. (3291); ANG Central LLC (7115); ANG Cortez LLC (7115); ANG Eureka LLC (7115); ANG North LLC (7115); ANG Northeast LLC (7115); ANG Pony LLC (7115); Hasbrouck Production Company LLC (3601); Hycroft Resources & Development, Inc. (1989); Victory Exploration Inc. (8144); and Victory Gold Inc. (8139). The corporate headquarters for each of the above debtors are located at and the mailing address for each of the above debtors, except Hycroft Resources & Development, Inc., is 9790 Gateway Drive, Suite 200, Reno, Nevada 89521.  The mailing address for Hycroft Resources & Development, Inc. is P.O. Box 3030, Winnemucca, Nevada 89446.

declaration of Garrett Rush (the "**Rush Declaration**") attached hereto as **EXHIBIT A**, and respectfully states as follows:

**JURISDICTION**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue for these proceedings and this matter is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief requested herein are Sections 328, 330, and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

**BACKGROUND**

4.      On March 10, 2015 (the "**Petition Date**"), each of Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.      Debtors are continuing to operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these cases.

6.      On March 11, 2015, the Court entered an Order authorizing the joint administration and procedural consolidation of the Chapter 11 Cases [Docket No. 53].

7.      On April 10, 2015, the United States Trustee for Region 3 (the "**UST**") appointed the Equity Committee pursuant to Section 1102(a)(1) of the Bankruptcy Code [Docket No. 157]. The following equity security holders were appointed to the Equity Committee: James R. Anderson, John Connor, Ajay Maskar, George Murphy, and Michael Richey.

8.      On May 15, 2015, the UST filed an Amended Notice of Appointment of Committee of Equity Security Holders [Docket No. 371] (the "**First Amended Notice of Appointment**"). In the First Amended Notice of Appointment, the following equity security

2

holders were appointed to the Equity Committee: James Anderson, John Connor, Ajay Maskar, Michael Richey, and Michael Willingham.

9.      On May 26, 2015, the UST filed a Second Amended Notice of Appointment of Committee of Equity Security Holders [Docket No. 449] (the "**Second Amended Notice of Appointment**").  In the Second Amended Notice of Appointment, the following equity security holders were appointed to the Equity Committee: John Connor, Ajay Maskar, and Michael Richey.  The Equity Committee has selected John Connor as its chairperson.

10.     On May 27, 2015, the Equity Committee engaged LeClairRyan as its lead counsel, effective as of May 25, 2015, subject to the Court's approval.  Also on May 27, 2015, the Equity Committee engaged Cole Schotz P.C. to represent it as local counsel and conflicts counsel subject to the Court's approval.

11.     On June 3, 2015, the Equity Committee engaged Navigant as its financial advisors subject to the Court's approval.

## RELIEF REQUESTED

12.     By this Application, the Equity Committee seeks authority to employ and retain Navigant as its financial advisor pursuant to Sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, *nunc pro tunc*, as of June 3, 2015.

## BASIS FOR THE RELIEF REQUESTED

### I.      STATUTORY AUTHORITY

13.     Section 328(a) of the Bankruptcy Code provides that a committee, "with the court's approval may employ or authorize the employment of a professional person under section 327 or 1103 of this title . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328.

14.    Section 1103(a) of the Bankruptcy Code provides that "[a]t a scheduled meeting of a committee appointed under section 1102 of this title, at which a majority of the members of such committee are present, and with the court's approval, such committee may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee."  11 U.S.C. § 1103(a).

15.    Section 101(15) of the Bankruptcy Code defines a "disinterested person" as a person that:

> (a)  is not a creditor, an equity security holder, or an insider;
>
> (b)  is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
>
> (c)  does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).

16.    Bankruptcy Rule 2014 provides that an Order approving the employment and retention of professionals pursuant to Section 327 or 1103 of the Bankruptcy Code shall be made on application of a committee and shall state "the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee."  Fed. R. Bankr. P. 2014.

II.     **NAVIGANT'S QUALIFICATIONS**

17.     The Equity Committee seeks to retain Navigant as its financial advisor because of Navigant's knowledge, experience, and expertise in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code.

18.     Navigant is a nationally recognized consulting firm with 50 offices worldwide, including a primary office located at 1200 19th Street, NW, Suite 700, Washington, D.C. 20036. Navigant currently employs over 3,000 professionals in its offices, including certified insolvency and reorganization advisors, certified public accountants, chartered financial analysts, economists, certified fraud examiners, certified business appraisers, former industry executives, and professional engineers.  Navigant's financial restructuring group is a leading advisor to debtors, equity security holders, secured and unsecured creditors, acquirers, and other parties-in-interest involved in financially troubled companies both in and out of bankruptcy.  Through its role in these and other restructuring engagements, Navigant has developed considerable expertise in many of the issues that will be presented in this engagement.

19.     Additionally, Navigant has significant experience performing mining valuation work and has provided expert witness services related to mining valuations in several arbitrations, making it well-qualified to serve as the Committee's financial advisor.

20.     Given Navigant's extensive knowledge and expertise in bankruptcy, forensic accounting, and mining valuation matters, the Equity Committee believes that Navigant's employment as its financial advisor to render such services as are necessary and appropriate in connection with the matters set forth herein and other matters that may arise during the pendency of the Chapter 11 Cases, is in the best interests of the Equity Committee and the body of equity security holders that the Equity Committee represents.

### III.     SERVICES TO BE PROVIDED BY NAVIGANT

21.     Employment of Navigant as the Equity Committee's financial advisor is appropriate and necessary to enable the Equity Committee to execute faithfully its duties as an official committee appointed pursuant to Section 1102 of the Bankruptcy Code.  The Equity Committee anticipates that Navigant will provide the following services to it in the Chapter 11 Cases:

a.     draft a written report on the enterprise valuation of Debtors, including the Hycroft Mine and any adjacent exploration properties, based on Debtors' filed plan or plans of reorganization and an alternative optimized plan (if one exists) to develop and operate the Hycroft Mine and any adjacent exploration properties;

b.     analyze the debt service capability of a reorganized entity;

c.     analyze alternative extraction methods and their effect on the enterprise valuation;

d.     analyze and monitor Debtors' cash management strategies, including debtor-in-possession financing and postpetition operational performance;

e.     analyze financial information provided to the Equity Committee by Debtors, secured lenders, noteholders, the Court, the creditors' committee, the UST, and/or other parties-in-interest, including, without limitation, monthly operating reports, other filings, and any requested financial information;

f.     assist the Equity Committee's other professionals in the preparation of pleadings and documents in connection with the Chapter 11 Cases;

g.     provide testimony at hearings as needed in connection with the Chapter 11 Cases;

h.     prepare information and analyses as needed in connection with the analysis and negotiation of any plans of reorganization and disclosure statement proposed by Debtors or any other party;

i.     provide assistance to the Equity Committee in developing, structuring, evaluating, and negotiating terms and conditions of any restructuring or plan of reorganization, including analysis with respect to the value of securities, proposed warrants, and related Black-Scholes calculations;

j.     provide general business advice and consulting service to the Equity Committee and its other professionals in connection with the Chapter 11 Cases as requested;

6

k.      assist in analyzing any potential sales or disposition of Debtors' assets and possible alternatives, including, without limitation, possible joint ventures or streaming agreements;

l.      review and analyze any proposed transactions for which Debtors seeks Court approval;

m.      perform forensic analysis of current and prior transactions, cash transfers, purchases, and acquisitions involving Debtors;

n.      perform analysis of Debtors' prepetition property, liabilities, and financial condition, and the transfers to and accounts with and among Debtors' affiliates;

o.      provide support for any bankruptcy court proceedings necessary or appropriate to the maximization of recovery by the Equity Committee's constituents, including serving as an expert witness or providing other testimony;

p.      provide valuations concerning financial, business, and economic issues;

q.      attend meetings of the Equity Committee and other constituencies, and their respective professionals, bankruptcy court hearings, and participation in such other matters and on such occasions as the Equity Committee may, from time-to-time, request; and

r.      provide such other services as the Equity Committee may, from time-to-time, deem necessary or appropriate.

22.     The Equity Committee requires a knowledgeable financial advisor to render these essential professional services.  Subject to the Court's approval, Navigant has agreed to render such services as financial advisor to the Equity Committee in accordance with the terms set forth herein.

23.     The Equity Committee believes that the financial advisory services provided by Navigant will not duplicate the services that, subject to this Court entering or having entered appropriate orders, other professionals, if any, will provide to the Equity Committee in the Chapter 11 Cases.  Navigant will carry out unique functions and will use reasonable efforts to coordinate with the Equity Committee's other professionals to avoid the unnecessary duplication of services.

16282998_1

IV.    **DISINTERESTEDNESS OF NAVIGANT**

24.    In connection with its proposed retention by the Equity Committee in this case, Navigant undertook to determine whether it had any conflicts or other relationships that might cause it not to be disinterested or hold or represent an interest adverse to the Equity Committee, Debtors, or Debtors' estate.  In connection with this inquiry, the Equity Committee's proposed legal counsel provided Navigant with a list of names of individuals and entities that may be parties-in-interest in the Chapter 11 Cases (the "**Potential Parties-in-Interest**").  Navigant has researched its client files and records to determine its connections with the Potential Parties-in-Interest.

25.    To the best of Navigant's knowledge, information, and belief, and except as may be set forth in the Rush Declaration, Navigant does not represent and has not represented Debtors, any of Debtors' creditors, any other parties-in-interest, or any of their respective affiliates or their respective attorneys or accountants, in any matter relating to Debtors, their estates, or the Chapter 11 Cases.  Additionally, to the best of Navigant's knowledge and except as may be set forth in the Rush Declaration, Navigant does not hold or represent any interest adverse to the interests of the Equity Committee or Debtors' equity security holders.  Finally, to the best of Navigant's knowledge Navigant has no connections with the UST, any person employed by the UST, or any United States District Judge or United States Bankruptcy Judge for the District of Delaware.

26.    To the extent that Navigant has been retained to represent any of the Potential Parties-in-Interest in matters unrelated to the Chapter 11 Cases, such Potential Parties-in-Interest are identified in the Rush Declaration only with respect to matters that are wholly unrelated to the Chapter 11 Cases.  Other than the matters identified in the Rush Declaration, Navigant is unaware of any relationships that it has had with the Potential Parties-in-Interest.  Accordingly,

8

Navigant is a "disinterested person" within the meaning of Sections 101(14) and 328 of the Bankruptcy Code.

## V.    COMPENSATION OF NAVIGANT

27.    Subject to the Court's approval, the Equity Committee requests that Navigant be compensated on an hourly basis and that Navigant receive reimbursement of actual and necessary expenses incurred in connection with its representation of the Equity Committee in the Chapter 11 Cases.  Navigant intends to apply to the Court for the allowance of compensation in the Chapter 11 Cases in accordance with Sections 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, the Local Rules, and any other related orders or procedures that may be fixed by the Court.  Although certain additional Navigant professionals may provide services to the Equity Committee from time to time, the principal Navigant professionals presently designated to provide financial advisory services to the Equity Committee, and their current hourly rates are:

| Professional | Hourly Rate |
| --- | --- |
| Brent Kaczmarek (Managing Director) | $525 |
| Garrett Rush (Managing Director) | $525 |
| Mike Kennelly (Managing Director) | $525 |
| Kiran Sequeira (Managing Director) | $525 |
| Directors/Associate Directors | $525 |
| Managing Consultants | $425 |
| Consultants/Senior Consultants | $325 |

28.    The hourly rates set forth herein are consistent with Navigant's customary hourly rates for work of this nature, which are periodically adjusted in accordance with the firm's policies.  In accordance with Local Rule 2016-2(d)(viii), travel time during which no work is performed shall be separately described and billed at no more than 50% of regularly hourly rates.

9

29.     In addition to any fees payable to it, the Equity Committee requests that Navigant be reimbursed for disbursements and its reasonable out-of-pocket expenses incurred in connection with its provision of services to the Equity Committee, including, travel, lodging, meals, and other expenses reasonably and necessarily incurred in the performance of Navigant's work.  Navigant will charge the Equity Committee for such expenses in a manner and at rates consistent with charges generally made to its clients.

30.     No arrangement is proposed between the Equity Committee and Navigant for compensation to be paid in this case except as set forth herein.

31.     Navigant understands that any compensation and expenses paid to it must be approved by the Court upon application consistent with the Bankruptcy Code, applicable Bankruptcy Rules, applicable Local Rules, and Orders of the Court.  Navigant acknowledges that none of (i) the professionals retained by the Equity Committee, (ii) the Equity Committee, or (iii) any member of the Equity Committee individually shall have any liability for fees, expenses, or other amounts payable to Navigant.

32.     The Equity Committee believes that the compensation to be paid to Navigant, as set forth herein, is reasonable and consistent with compensation arrangements entered into by Navigant and similar firms in chapter 11 cases.

33.     By virtue of the foregoing, the Equity Committee believes that the employment of Navigant as its financial advisor is appropriate and is in the best interests of the body of equity security holders that the Equity Committee represents.  The Equity Committee requests that Navigant's retention as its financial advisor in connection with the Chapter 11 Cases be

approved, effective as of June 3, 2015, because Navigant commenced providing services to the Equity Committee on that date.

## NOTICE

34.    Notice of this Application has been given to: (a) the office of the United States Trustee; (b) Debtors' counsel; (c) counsel to the Official Committee of Unsecured Creditors; and (d) all other persons who have requested notice pursuant to Bankruptcy Rule 2002.  Due to the nature of the relief requested, the Equity Committee respectfully submits that such notice is sufficient and that no further notice of the relief requested in this Application needs to be provided to any other party.

## NO PRIOR REQUEST

35.    No prior Application for the relief requested herein has been made to his or any other Court.

WHEREFORE the Equity Committee respectfully requests that the Court enter an Order in the form attached hereto as **EXHIBIT B**: (i) authorizing the Committee to retain Navigant, *nunc pro tunc*, as of June 3, 2015, in accordance with the terms and conditions set forth above; and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: June 29, 2015                      THE OFFICIAL COMMITTEE OF EQUITY
                                          SECURITY HOLDERS OF ALLIED NEVADA
                                          GOLD CORP., *et al.*

                                          By: *John Connor*
                                          _____
                                               John Connor
                                               Chairperson

16282998_1