# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ALLIED NEVADA GOLD CORP, *et al.*,[1] | Case No. 15-10503 (MFW) |
| Debtors. | (Jointly Administered) |
| | D.I. 782 & 789 & 862 |

### ORDER GRANTING MOTION OF CATERPILLAR FINANCIAL SERVICES CORPORATION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)

Upon the motion dated July 30, 2015 (the "Motion")[2] filed by Caterpillar Financial Services Corporation ("CAT Financial"), seeking entry of an order, pursuant to section 362 of the Bankruptcy Code, granting relief from the automatic stay, as more fully set forth in the Motion, and the Court finding that it has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334(b); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue of the Motion and this case being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion and any hearing thereon having been given to the parties in interest; and the Court having reviewed and considered the Motion and any responses thereto; and the Court having determined that the legal and factual bases set forth in the Motion and any hearing thereon establish just cause for the relief granted herein, it is hereby:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Allied Nevada Gold Corp. (7115); Allied Nevada Gold Holdings LLC (7115); Allied VGH Inc. (3601);Allied VNC Inc. (3291); ANG Central LLC (7115); ANG Cortez LLC (7115); ANG Eureka LLC (7115); ANG North LLC (7115); ANG Northeast LLC (7115); ANG Pony LLC (7115); Hasbrouck Production Company LLC (3601); Hycroft Resources & Development, Inc. (1989); Victory Exploration Inc. (8144); and Victory Gold Inc. (8139).

[2] Capitalized terms used but not defined in this Order shall have the meanings ascribed to such terms in the Motion.

**ORDERED, DECREED, AND ADJUDGED THAT:**

1. The relief requested in the Motion is GRANTED to the extent set forth herein.

2. To the extent not resolved or withdrawn, any and all objections to the Motion are overruled and denied.

3. CAT Financial is hereby granted relief from the automatic stay pursuant to 11 U.S.C. § 362(d) to the extent set forth herein.

4. CAT Financial is authorized to exercise its contractual and state law rights with respect to the following equipment (the "Surrendered Equipment"):

   (a)    Caterpillar 7495HR2 Electric Rope Shovel, Serial No. 00141486;

   (b)    Caterpillar 7495HR2 Electric Rope Shovel, Serial No. 00141487;

   (c)    Caterpillar 7495HR2 Electric Rope Shovel, Serial No. 00141488;

   (d)    1 Used D10R Caterpillar Track Type Tractor, Serial No. AKT75002;

   (e)    1 New 834H Caterpillar Wheel Dozer, Serial No. BTX01258;

   (f)    1 New 834H Caterpillar Wheel Dozer, Serial No. BTX01276;

   (g)    1 New D11T Caterpillar Track Type Tractor, Serial No. JEL00331.

5. The Debtors agree to permit CAT Financial and its agents: (i) reasonable access to the Surrendered Equipment at its present location (which access shall be at CAT Financial's and its agents' sole risk and liability, except in the case of gross negligence or willful misconduct by the Debtors or their agents, and shall be in compliance with general mine safety and Mine Safety and Health Administration requirements); (ii) to sell the Surrendered Equipment from its present location (the "Sale Process"); and (iii) to remove the Surrendered Equipment out of the Hycroft Mine if CAT Financial deems it necessary.

6. In the interim between the effective date of this Order and CAT Financial's repossession of the Surrendered Equipment, the Debtors shall take reasonable steps to preserve

and protect the Surrendered Equipment against damage, theft or other loss to the extent required by the terms of each Equipment Lease and/or applicable bankruptcy and non-bankruptcy law until CAT Financial takes possession of the Surrendered Equipment.

7. Subject to further order of the Court or the agreement of the parties, the two Electric Rope Shovels, Serial Nos. 00141486 and 00141487, shall remain connected to the electricity that powers them until CAT Financial sells the applicable Electric Rope Shovel or otherwise removes the applicable Electric Rope Shovel from the Hycroft Mine.

8. CAT Financial shall commence the Sale Process as soon as practicable following entry of this Order.

9. CAT Financial shall promptly provide to the Debtors a copy of any receipts or sale agreements in connection with the Sale Process to evidence the final tendered sale prices for the Surrendered Equipment (the "Sale Prices").

10. CAT Financial shall be granted an allowed secured claim as to each of the applicable Loan Documents or Finance Leases in the amount of the Sale Prices (exclusive of costs of clean-up, sale, repair, maintenance, storage, disassemblage, transportation, insurance and the like) (the "Allowed Secured Claims"), which Allowed Secured Claims shall be a part of the Class 3 Other Secured Claims as set forth in Debtors' Amended Joint Chapter 11 Plan of Reorganization (Docket No. 757) (the "Amended Plan"), and such Allowed Secured Claims shall be fully and finally satisfied by the surrender of the Surrendered Equipment and the proceeds thereof to CAT Financial.

11. To the extent that the proceeds of the sales of the Surrendered Equipment are less than the amounts owed, CAT Financial shall have unsecured claims for the amount of the respective deficiencies (the "Unsecured Claims"), which Unsecured Claims, if any, shall be

classified as Unsecured Claims as set forth in the Amended Plan; provided, that the Debtors, their estates and all other parties in interest shall retain the right to object to the amount of such Unsecured Claims.

12. Except as otherwise set forth herein, the Debtors shall have no obligation or duty to preserve, protect or insure the Surrendered Equipment against damage, theft or other loss after entry of this Order.

13. The Debtors shall retain the (i) Caterpillar16M Motor Grader, Serial No. R9H00303, (ii) CaterpillarD10T Dozer, Serial No. RJG02882 and (iii) Caterpillar16M Motor Grader, Serial No. R9H00665 (collectively, the "Retained Equipment") and shall continue to comply with the terms of the lease documents with respect to such Retained Equipment subject to further order of the Court or agreement of the parties. CAT Financial and the Debtors and their estates retain all of their rights and remedies with respect to the Retained Equipment.

14. CAT Financial is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

15. This Order shall be effective immediately and is not stayed under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

16. No further notice under Federal Rule 4001(d) is required.

17. This Court shall retain exclusive jurisdiction over any matters relating to or arising from the Motion or the implementation of this Order.

Dated: Wilmington, DE

Aug. 19, 2015

_____
The Honorable Mary F. Walrath
United States Bankruptcy Judge

4